**Lola V. BROWN, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education, and Welfare, Defendant.**

**Civ. A. No. 4773.**

United States District Court
D. South Carolina,
Greenville Division.

March 18, 1966.

1543–6 (1963). See, also, footnote 12, supra, and Mitchell v. United States, supra.

Theodore M. Burns, Jr., Greenville, S. C., for plaintiff.

John C. Williams, U. S. Atty., Greenville, S. C., and Robert O. DuPre, Asst. U. S. Atty., Greenville, S. C., for defendant.

HEMPHILL, District Judge.

Plaintiff brings this action for judicial review of a final decision of the Secretary of Health, Education and Welfare denying her application to establish a period of disability under section 216(i) of the Social Security Act, 42 U.S.C.A. § 416(i), and for monthly disability insurance benefits pursuant to section 223 of the Act, 42 U.S.C.A. § 423.

Jurisdiction is granted this court under section 205(g) of the Act, 42 U.S.C.A. § 405(g), which provides:

Any individual, after any final decision of the Secretary * * * may obtain a review of such decision by a civil action * * *. Such action shall be brought in the district court of the United States * * *. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *.

The scope of judicial review being thus limited, this court has no authority to try the issues de novo but must scrutinize the record as a whole to determine whether the decision of the Secretary is supported by substantial evidence, and whether the decision is rational. Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964).

Plaintiff was born in Greenville County, South Carolina on April 7, 1906. She attended school for approximately two months and she has never learned to read nor write further than signing her name "after a fashion" and figuring small amounts of money. With this preparation for life as a wage-earner she found employment as a spinner in the textile industry at the age of eleven. Except for short periods for the birthing of her three children, plaintiff continued her labors as a spinner until her fifty-fifth year, when she saw she "wasn't going to make it," and "had to quit."

Her application for disability benefits was filed April 3, 1962 which alleged her inability to work since April of 1961. Her alleged disability was stated in the application as, simply, arthritis. Her testimony and other documents of record, however, amplify that complaint to show that plaintiff, a woman five feet and six inches tall and weighing approximately two-hundred and seventy two pounds, was burdened with hypertension, massive varicose veins, and high blood pressure, which according to her testimony had caused periods of fainting, as well as the pains of arthritis in her back and shoulders and legs and feet.

The application was followed by a report of medical examination by Dr. J. L. Walker of Clinton, South Carolina, who diagnosed her condition as osteoarthritis with pain of the shoulders and arms and pain and swelling of the knees and ankles; severe obesity; dental caries and pyorrhea; and hypertension. He stated that the expected progress of her condition was unknown and that it would be difficult to say whether she would be able to return to productive work until therapy (apparently weight reduction)

and dental treatment had been tried. According to the record plaintiff had not previously sought medical treatment.

A subsequent medical report by Dr. M. B. Cook of Laurens, South Carolina, showed essentially the same diagnoses—essential hypertension, marked obesity, massive varicose veins, and arthritis. His prognosis was that the condition would grow progressively worse and that no improvement could be expected. He further remarked that in view of the patient's obesity and physical abnormalities he considered her to be definitely disabled.

A comprehensive medical examination by Dr. J. Roland McKinney of Greenwood, South Carolina, followed. This report reiterated the history of arthritis and noted that plaintiff had difficulty rising and must "generally" give a shove or pull herself up from sitting. At the time of the examination plaintiff was under medication and treatment for pain and for high blood pressure. She was able to walk, with a limp, only for a few blocks, and was able to climb only a few steps at a time. The clinical findings confirmed the symptoms as osteoarthritis, worse in the cervicle and lumbar areas of the spine, and in the knees and hips, but determined that there was no significant loss of function.

■ It becomes apparent in view of the abundance of evidence supporting the plaintiff's claim that the Hearing Examiner placed undue emphasis on Dr. McKinney's finding of no loss of function. Of three examining physicians, one offered no real hope for possible improvement of plaintiff's condition, while a second physician unequivocally found that there was a definite disability due to a condition which could only be expected to increase in severity. The third medical opinion differed only in that he found no significant loss of function. The ability to articulate a limb through certain prescribed arcs is not wholly determinative of the ability to provide the demands of the labor market with a merchantable product. When the plaintiff is viewed as a whole person, with her ailments in cumulation, it is readily apparent that she was unable to engage in any substantial gainful activity within the language and meaning of the Act. Even pain unaccompanied by objectively observable symptoms which is nevertheless real to the sufferer and so intense as to be disabling may support a claim for disability benefits. Ber v. Celebrezze, 332 F.2d 293 (2d Cir. 1964).

■ The Hearing Examiner observed that it seemed extremely doubtful that the skills that plaintiff had acquired as a spinner were readily transferable to any type of work other than that provided by the textile industry. He further noted that plaintiff may have difficulty in doing the stretching and rapid walking required in the job of spinning (which also involves stooping and bending through eight hour shifts), but that she might find work as a sweeper with her remaining functional ability. It is unrealistic to suppose that an abnormally obese, illiterate, fifty-six-year-old who is able to work with her arms and shoulders only with pain and who is able to locomote at all only with labor would be able to obtain and pursue gainful activity. Plaintiff had in fact previously attempted to secure employment in the mills in an effort to see if she once would again be able to find the strength to continue working, but she was unable to secure a position at all.

A realistic appraisal of the record reveals that the preponderance of the evidence supports plaintiff's claim and compels a finding that she was disabled within the meaning of the Act. The defendant's motion for summary judgment must therefore be, and hereby is, denied, and, the matter being ripe for statutory review, the decision of the Secretary is hereby reversed. The Clerk will enter Judgment accordingly.

And it is so ordered.